IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-040-Z (03) |
| ASHTON LEE SWITZER (03) | |

## FACTUAL RESUME

In support of Ashton Lee Switzer's plea of guilty to the offense in Count Three of the indictment, Switzer, the defendant, Hillary Netardus, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Three of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

    *First.*    That the defendant knowingly possessed a controlled substance;

    *Second.*    That the substance was in fact methamphetamine; and

    *Third.*    That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Ashton Lee Switzer**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. On or about June 29, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, Ashton Lee Switzer, defendant, did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On June 29, 2024, an Amarillo Police Department (APD) officer was working patrol in Amarillo, Texas. At approximately 7:23 p.m., the officer observed a black Dodge Journey arrive at a residence know for narcotic's distribution. The officer observed the driver of the vehicle approach the residence and leave a very short time later, which is common for the sale of narcotics. The officer followed the vehicle and conducted a traffic stop after he observed the vehicle fail to signal a turn at NW1st Street and N. Carolina. Ashton Lee Switzer was identified as the driver of the vehicle. The officer observed Switzer shaking while showing the officer a picture of her driver's license on her phone.

3. As the officer was filling out a warning, he asked Switzer if anything illegal was in the vehicle and if he could search her person. Switzer became agitated and upset. When the officer clarified that he was asking to search her person, Switzer calmed down and said that was fine, but she could not consent to a search of the vehicle because it belonged to the passenger of the vehicle.

4. The officer asked the passenger for consent to search the vehicle. The passenger denied consent. The officer asked the passenger to step out of the vehicle. The

Ashton Lee Switzer
Factual Resume—Page 2

officer obtained his canine partner and conducted a free-air sniff around the vehicle. The canine alerted to the odor of narcotics coming from the vehicle.

5. A second APD officer arrived on scene to assist. While the officer stood with Switzer, Switzer stated that there were narcotics inside a backpack in the vehicle, and that it belonged to her. Officers conducted a probable cause search of the vehicle. Switzer's tan backpack was located on the back seat directly behind the driver's seat. Inside Switzer's backpack, officers located a plastic baggie with over 30 gross grams of suspected methamphetamine. This amount of methamphetamine is consistent with distribution, as opposed to personal use.

6. An officer read Switzer her *Miranda* warnings. Switzer waived her rights and agreed to make a statement. Switzer stated that the methamphetamine found inside the backpack belonged to her. Switzer did not want to tell officers where she obtained the methamphetamine.

7. The suspected methamphetamine located in Switzer's vehicle was sent to the DPS Laboratory. The DPS Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 30.85 grams.

8. Switzer admits that she knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Three of the indictment.

AGREED TO AND STIPULATED on this 8th day of August, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
Ashton Lee Switzer
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Hillary S. Netardus
Hillary Netardus
Attorney for Defendant