IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-040-Z (02) |
| NOEMI PAOLA SALAZAR (02) | |

## FACTUAL RESUME

In support of Noemi Paola Salazar's plea of guilty to the offense in Count One of the superseding information, Salazar, the defendant, Joseph Batson, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the superseding information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.*     That the defendant knowingly possessed a controlled substance;
>
> *Second.*     That the substance was in fact methamphetamine; and
>
> *Third.*     That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Noemi Paola Salazar**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. On or about April 8, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, Noemi Paola Salazar, defendant, did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On April 8, 2024, Drug Enforcement Administration (DEA) Agents conducted surveillance on a residence located at 1730 South Girl Scout Road, Amarillo, Texas. At approximately 9:30 p.m., agents observed a black Dodge Journey leave the residence. The vehicle traveled to a convenience store parking lot in Amarillo, Texas and parked in front of the store. Ashton Lee Switzer was later identified as the driver of the van and Brandi Lorraine Duncan was identified as the passenger.

3. Agents observed a silver Toyota Camry arrive at the location and park next to the Dodge Journey. Noemi Paola Salazar exited the Camry and approached Switzer's driver's side window. Salazar handed a white bag to Switzer in exchange for a small black bag. Following the exchange, both vehicle's left the convenience store parking lot.

4. An Amarillo Police Department officer conducted a traffic stop of the Dodge Journey after the vehicle failed to signal a turn. Duncan was placed under arrest for outstanding warrants. Based on information learned during the investigation, officers conducted a probable cause search of the vehicle. During the search, officers located three bundles of suspected methamphetamine under the front passenger seat.

5. At the same time, a traffic stop was conducted of Salazar's vehicle after Salazar failed to signal and failed to stop at a stop sign. Salazar was placed under arrest for the traffic violations. An APD officer conducted an interview with Salazar on scene. The officer read Salazar her *Miranda* warnings. Salazar waived her rights and agreed to make a statement. During the interview, Salazar admitted that she had approximately $6,000 in her vehicle. Salazar stated that she had just delivered three bundles of illegal drugs to a white female in exchange for the money. During a search of Salazar's vehicle, officers located $6,600 inside a black bag.

6. Salazar consented to a search of her apartment. During a search of Salazar's apartment, officers located approximately ten pounds of suspected methamphetamine and $19,015 in U.S. currency.

7. The suspected methamphetamine located in Duncan's vehicle was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 1,318 grams and a purity level of approximately 100 percent.

8. The suspected methamphetamine located in Salazar's residence was also sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 4,377 grams and a purity level of approximately 98 percent.

9. Salazar admits that she knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the superseding information.

AGREED TO AND STIPULATED on this 6th day of October, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*Noemi Salazar*
Noemi Paola Salazar
Defendant

*Anna Marie Bell*
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

*Joseph Batson*
Joseph Batson
Attorney for Defendant